IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RAMON FABELA,[1]

      Petitioner,                                   OPINION AND ORDER

    v.                                            25-cv-664-wmc

WARDEN E. EMMERICH,

      Respondent.
_____

Petitioner Ramon Fabela is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, petitioner has filed a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons has wrongfully denied him time credits under the First Step Act based on an arbitrary determination that his conviction for possession with intent to distribute 400 grams or more of fentanyl makes him ineligible to receive those credits under 18 U.S.C. § 3632(d)(4)(D)(lxvi). (Dkt. #1.)  After reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the petition will be dismissed for the reasons explained below.

OPINION

Court records reflect that Fabela was charged in a multi-count information with violating 21 U.S.C. § 841(a)(1) by possessing with intent to distribute 400 grams or more of

---

[1] Petitioner filed this case as "Ramon Favela."  The clerk of court is directed to recaption petitioner under the name "Ramon Fabela," which is consistent with records from the Bureau of Prisons and petitioner's underlying conviction.

fentanyl. *United States v. Fabela*, No. 19-cr-428 (S.D. Cal.) (Dkt. #17). Fabela pleaded guilty to each count and was sentenced to 120 months' imprisonment. His projected release date is January 24, 2028.

When an eligible prisoner earns First Step Act time credits, those credits may be applied to early transfer, supervised release, or prerelease custody (such as a halfway house), but only under certain circumstances. 18 U.S.C. § 3624(g). Bureau of Prisons staff are denying Fabela time credits under the First Step Act because the nature of his conviction precludes him from receiving those credits. Specifically, prisoners are ineligible to apply First Step Act time credits to their sentences if, like Fabela, they are serving a sentence for a § 841(a)(1) offense involving 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, so that they are sentenced under § 841(b)(1)(A)(vi). *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi).

Fabela notes that ineligible prisoners also include those who are sentenced under § 841(a)(1)(A) or § 841(b)(1)(B), if the sentencing court finds that: (1) the § 841(a)(1) offense involved a mixture or substance containing a detectable amount of fentanyl; and (2) the prisoner "was an organizer, leader, manager, or supervisor of others in the offense," as determined under the federal sentencing guidelines. *See* 18 U.S.C. § 3632(d)(4)(D)(lxviii). Fabela contends that when read together, § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii) are ambiguous because both prohibit prisoners from receiving First Step Act time credits if they were sentenced to offenses involving a certain amount of fentanyl, but § 3632(d)(4)(D)(lxviii) contains the added requirement that the prisoner must be a leader in the offense. He thus reasons that § 3632(d)(4)(D)(lxvi) overlaps with § 3632(d)(4)(D)(lxviii), that the BOP's decision to deny him First Step Act time credits under § 3632(d)(4)(D)(lxvi) was arbitrary, and that the rule of lenity requires the application of § 3632(d)(4)(D)(lxviii). Fabela concludes

further that because the sentencing court did not find that he was a leader of the charged offense, he's eligible for First Step Act time credits to be applied to his sentence.

The petition will be denied because this court and others have consistently rejected this type of argument. *See Lopez Rosado v. Emmerich*, No. 25-cv-630-jdp, 2025 WL 3163822, at *2 (W.D. Wis. Oct. 27, 2025); *see also Jones v. Emmerich*, Case No. 25-cv-661-jdp, 2025 WL 3163825, at *1 (Oct. 6, 2025) (collecting cases holding that consistent with § 3632(d)(4)(D)(lxvi)'s plain language prisoners like petitioner are unambiguously ineligible for FSA time credit). As the court explained in *Jones*, § 3632(d)(4)(D)(lxviii) includes conduct not covered by § 3632(d)(4)(D)(lxvi). In particular, a prisoner loses eligibility for First Step Act time credits if he was sentenced based on: (1) violating the enhanced penalty quantity thresholds for fentanyl, *see* § 3632(d)(4)(D)(lxvi); or (2) violating the enhanced penalty thresholds for any substance and the sentencing court finds that the offense involved a mixture or substance containing a detectable amount of fentanyl and that the defendant was a leader in the offense, *see* § 3632(d)(4)(D)(lxviii). *See also Perry v. United States*, Case No. 19-cr-88, 2024 WL 4608851, at *4 n.3 (D. Me. Oct. 29, 2024), report and recommendation adopted, 2025 WL 260086 (D. Me. Jan. 22, 2025).

Section § 3632(d)(4)(D)(lxvi) clearly and unambiguously excludes prisoners like Fabela sentenced under § 841(b)(1)(A)(vi) from receiving First Step Act time credits. Fabela hasn't shown any inconsistency or redundancy between § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii). As a result, the BOP did not arbitrarily deny Fabela those credits. Because Fabela has not shown that he is entitled to relief, the petition will be denied.

Alternatively, the court notes that this is Fabela's second petition under § 2241 challenging the BOP's determination that he is not entitled to First Step Act time credits. A

previous petition advancing a different legal theory was previously denied on the merits. *See Fabela v. Emmerich*, No. 25-cv-661-jdp (W.D. Wis. Oct. 6, 2025) (Dkt. #3). Because the claims raised in his pending petition could have been but were not raised in his previous proceeding, this action constitutes an abuse of the writ. *See Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curiam) ("Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process."); *see also Alden v. Warden, U.S. Penitentiary Allenwood*, 444 F. App'x 514, 515 (3rd Cir. 2011) (per curiam) (observing that the "[a]buse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action"). For this additional reason, the petition will be dismissed.

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Ramon Fabela (dkt. #1) is DISMISSED with prejudice.

2) Petitioner is admonished that future repetitive habeas petitions will be dismissed as an abuse of the writ.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 20th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4